# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGSTROM INDUSTRIAL GROUP, LLC., <br><br> Plaintiff, <br><br> v. <br><br> BLUME HONEY WATER, et al, <br><br> Defendants. | Civil Action No. 2:18-cv-01210 <br><br> Magistrate Judge Lisa Pupo Lenihan <br><br> ECF No. 13 |

## MEMORANDUM ORDER ON DEFENDANTS BLUME AND BURCHFIELD'S MOTION TO DIMISS AND STRIKE

Currently pending before this Court is the Motion to Dismiss and Strike (ECF No. 13) filed by Defendants Blume Honey Water, LLC ("Blume") and Michele Burchfield ("Burchfield") (collectively "Defendants"). The Motion requests that the claims filed against Defendants by Plaintiff's Complaint of September 21, 2018 (ECF No. 1), be dismissed or stricken pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively. See Defendant's Brief in Support, ECF No. 14. Plaintiff has filed a Brief in Opposition thereto (ECF No. 16), and has filed a Sur-Reply Brief (ECF No. 19-3) in response to Defendant's Reply (ECF No. 18). Thus, the motion is ripe for disposition.

Plaintiff's Complaint alleges that Angstrom Industrial Group, LLC ("Angstrom") was induced to invest significant funds in Blume by Defendants' fraud and/or negligent misrepresentations, including as to Blume's financial condition, potential adverse events (*e.g.*, the stability of Blume's management),[1] revenue projections and debts, and intended use of

---

[1] *See, e.g.*, Complaint, ECF No. 1 at para. 30.

Plaintiff's investment monies.[2]  It further alleges that the sale of Blume's securities was made by an agent (Additional Defendant Douglas Holmes and affiliated Additional Defendant DHJH Holdings, LLC) who lacked proper federal and/or state securities licensing. Plaintiff's allegations include parties, time periods and content of communications, reliance and loss (*e.g*, the substantial decline in value of his "preferred units" in Blume).  *See* ECF No. 1 at 1-7.  Based upon the factual assertions provided:

Counts I and II of the Complaint allege claims of securities fraud against Defendants under Rule 10(b)(5) and related "control person" liability against Defendant Burchfield under 15 U.S.C. Section 78t(a).  Counts III and IV, respectively, allege Defendants' related violations of Michigan (Mich. Comp. Laws Section 451.2501, .2509) and Pennsylvania (70 P.S. 1-401, 1-501) Blue Sky laws.[3]  Counts V-VIII contain claims for broker/agent registration violations addressed to the Additional Defendants, non-parties to the pending Motion. Counts IX-XI are notices of Angstrom's optional election of rescission as a proper remedy under Federal (15 U.S.C. Section 78cc), Pennsylvania (70 P.S. 1-501), and Michigan (Mich. Comp. Laws Section 451.2509) law, respectively.  Count XII and XIV are directed to Blume and allege fraud in the inducement and breach of contract (including by false representations and warranties made in the Unit Purchase Agreement), respectively.  Counts XIII and XV are made against all Defendants and allege Fraud and Negligent Misrepresentation, respectively.  Plaintiff's claim for relief includes a claim for punitive damages for common law fraud.

---

[2] The Court notes Defendants' objection to Plaintiff's assertion of reliance on projections of future revenue given the Unit Purchase Agreement provisions.  *See* Defendants' Reply Brief, ECF No. 18 at 1, 3; *see also* Plaintiff's Sur-Reply at 3; Unit Purchase Agreement, ECF No. 1, Ex. 2 and the Exhibits thereto (*see, e.g.,* Ex. D, Risk Factors).

[3] Angstrom is a Michigan limited liability corporation.  Blume has its principal place of business, and Burchfield resides, in Pennsylvania.

## Legal Standards

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

Fraud claims must meet the heightened pleading standard of Fed. R. Civ. P. 9(b), requiring sufficient specificity to provide the defendant notice of the particular misconduct claimed against it and reduce the number of frivolous suits. *See, e.g.*, *Key Equity Investors, Inc. v. Sel-Leb Mktg.*, 2007 WL 2510385 (3d Cir. Sept. 6, 2007). A plaintiff may, however, use any "means of injecting precision and some measure of substantiation into [his/her] allegations." *Seville Indus. Machinery v. Southmost Machinery,* 742 F.2d 786, 791 (3d Cir.1984) (holding that Court must apply heightened pleading standards of Rule 9(b) in accordance with rules underlying purposes - to put defendant on notice of misconduct alleged and to guard against "spurious charges of immoral or fraudulent behavior").

Finally, the courts have the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.P. 12(f). The standard for striking portions of a plaintiff's complaint under Rule 12(f) is strict, "only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co*., No. Civ. A. 03-2292, 2004 WL 228672, at *6 (E.D. Pa. 2004)). "[S]triking portions of a plaintiff's pleadings is a 'drastic remedy,' which should be used only when justice requires it." *Id*. As Defendants note, "where a claim for relief is precluded by law, and there is no outstanding issue of law or fact with respect to availability of the relief, a motion to strike is a proper method for narrowing . . . damages . . . ." Defendants' Brief in Support, ECF No. 14, at 4 (quoting *Baldwin v. Peake*, 2009 WL 1911040 at *1 (W.D. Pa. July 1, 2009)).

**Analysis**

As more fully set forth above, this Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle it to relief. *Twombly*, 550 U.S. at 563 n.8.

Viewed in light of the forgoing pleading standards, this Court finds that—with the exception of Count XII— the allegations of the Complaint, when taken as true, allow the Court to draw a reasonable inference that the Defendants may be shown to be liable for the misconducts alleged in each applicable claim, and that the Complaint meets the standards as enunciated in *Twombly* and *Iqbal*. *See also Fowler*, 578 F.3d at 210, quoting *Iqbal*, 129 S.Ct. at 1948. ("To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."). The Court specifically concludes, upon review of the Complaint and for reasons aforesaid, that claims are pled "in nonconclusory fashion", and with sufficient particularity as to each of their elements, including causation and loss. *Compare* Defendant's Brief in Support, ECF No. 14 at 7. Plaintiff satisfactorily alleges control person liability against Defendant Burchfield, despite her asserted minority shareholder status, for reasons set forth in the Complaint and Plaintiff's Brief in

5

Opposition.  *See* ECF No. 1; ECF No. 16 at 10-11.  Plaintiff also satisfactorily alleges the relevant Unit Purchase Agreement terms and the breach thereof.  *See id.*  As noted above, and expressly acknowledge by Plaintiff, Counts IX, X and XI are not claims but "notices of Angstrom's optional election of rescission as a proper remedy" and will be regarded as such. *See supra,* ECF No. 16 at 12-13.  Finally, the gist of the action doctrine does not subject Plaintiff's claims for fraudulent inducement and negligent misrepresentation to dismissal.  For a full discussion, Defendants are directed to this Court's Report and Recommendation in *Techinomics, Inc. v. Forest Power & Energy Holding, Inc.*, 2017 WL 2536969 at *2-3 (W.D. Pa. May 11, 2017) (adopted at 2017 WL 250661 (W.D. Pa. June 9, 2017)).  *See also* ECF No. 16 at 13-14 (citing *Techinomics*); *id.* at 14 (asserting prematurity of motion based on gist of the action doctrine as Rule permits pleadings in the alternative).

     The Court further concludes that it would be inappropriate to strike Plaintiff's demands for a jury trial and punitive damages at this time.  A waiver of jury trial for claims "based upon or arising out of" parties' written agreement does not preclude Plaintiff's entitlement to jury trial for other claims. *Compare* Defendants' Brief in Support, ECF No. 14 at 13.  Nor are punitive damages clearly precluded at this juncture.  In these respects, as in others, Plaintiff's responses in opposition are generally sound.  *See* Plaintiff's Brief in Opposition, ECF No. 16 at 15-17, and Sur-Reply, ECF No. 19-3.

     And the Court will, in accordance with Plaintiff's acknowledgement, dismiss Count XII of the Complaint as Plaintiff concedes that the Unit Purchase Agreement between Plaintiff and Defendant Blume precludes Plaintiff's action against it for common law fraud in the inducement. *See* Plaintiff's Sur-Reply, ECF No. 19-3 at 1-3.

The Court notes in closing that issues raised in Defendants' Motion, such as the asserted falsity of allegations and disputations of fact, are more properly before the Court on a motion for summary judgment and it would be premature to decide them without allowing Plaintiff an opportunity to develop the record through the discovery process.  Moreover, no Motion for Rule 11 would be appropriate at this time.  *Compare* Defendants' Brief in Support, ECF No. 14 at 1, n. 1; Reply Brief, ECF No. 18 at 4, n. 1.

Accordingly, after due consideration, the Court enters the following Order:

**AND NOW,** this 24th day of January, 2019, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and to Strike (ECF No. 13) is

**GRANTED** solely as to the dismissal of Count XII of the Complaint; and otherwise

**DENIED** without prejudice to Defendants to raise issues set forth therein in a Motion for Summary Judgment at an appropriate time.

Dated:  January 24, 2019                                   BY THE COURT:

/s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Cc:  All counsel of record